UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * *

Viktors Ginters and
Rochelle Ginters,

               Plaintiffs,

vs.                           REPORT AND RECOMMENDATION

Denise Frazier, District Director,
Citizenship and Immigration
Services, Eduardo Aguirre,
Director, Citizenship &
Immigration Services, Michael
Chertoff, Secretary, Department
of Homeland Security, and Peter
D. Keisler, Acting United States
Attorney General,

               Defendants.       Civ. No. 07-4681 (JMR/RLE)

* * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Applications for leave to proceed in forma pauperis, ("IFP"). See, Docket Nos. 2 and 4. The Plaintiffs appear by their attorneys, Dyan Williams and

Herbert A. Igbanugo, Esqs., and, in view of the fact that service of process has not yet been effected, no appearance has been made by, or on behalf of, the Defendants.

This action was commenced on November 21, 2007, by the filing of a Complaint with the Clerk of Court for the United States District Court for the District of Minnesota. The Plaintiffs did not pay any filing fee for this action but, instead, filed an IFP Application that was submitted and signed only by Plaintiff Rochelle Ginters ("R. Ginters"). See, Docket No. 2. Upon reviewing that initial IFP Application, we determined that IFP status could not be granted in this case, unless **both** of the named Plaintiffs applied, and qualified, for leave to proceed IFP. Therefore, by Order dated December 7, 2007, see, Docket No. 3, we directed the Plaintiffs to either pay the full $350.00 filing fee for this action, or else file an additional IFP application, submitted and signed by the Plaintiff Viktors Ginters ("V. Ginters").

On January 3, 2008, the Plaintiffs filed a new IFP application, which was submitted and signed by V. Ginters. See, Docket No. 4. Therefore, the matter is now before the Court for the purpose of determining whether the Plaintiffs should be granted leave to proceed IFP. For reasons which follow, we recommend that the Plaintiffs' IFP Applications be denied.

II. Background

The R. Ginters' IFP Application discloses that she is currently self-employed, and earns approximately $21,000.00 to $24,000.00 per year from "a cleaning business." Her husband, V. Ginters, is employed by Friesens Corporation, and his IFP Application discloses that he is earning $14.79 per hour. V. Ginters reportedly works thirty-six (36) hours per week, so his annual income is approximately $27,000, ($14.79 x 36 hours = $532.44/week x 52 = $27,686.88/year). Thus, according to Plaintiffs' IFP Applications, their combined annual income is around $50,000.00. R. Ginters' IFP Application also states that the Plaintiffs own a house, an automobile, and they have two (2) dependant children.

Based upon the amount of the Plaintiffs' combined annual income, as documented by their IFP Applications, we cannot conclude that they are indigent.[1]

---

[1] If each Plaintiff's eligibility for IFP status were to be evaluated separately, we **might**, perhaps, find one or the other of them to be indigent, although even that seems doubtful, given that each of them has an independent and appreciable income. However, Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from any other individual. See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at *3 (N.D. Ind., August 18, 1993); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997), aff'd, 165 F.3d 910 (4th Cir. 1998)(Table Decision), cert. denied, 528 U.S. 922 (1999); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002); Williams v. Spencer,

Therefore, we recommend that the Plaintiffs' IFP Applications be denied. See, Title 28 U.S.C. §1915(a)(1).

## III.  Discussion

In considering the merits of an IFP application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal IFP Statute, and which do not.  The countervailing considerations at issue are easy of recitation but far more demanding to resolve.  In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities.  * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986)("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the

---

455 F. Supp. 205, 208-09 (D. Md. 1978).  Thus, for purposes of determining whether the Plaintiffs are financially eligible to proceed IFP, we must consider their **combined** income.

public to underwrite frivolous lawsuits.'"), quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3rd Cir. 1975), and <u>In re Smith</u>, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system, with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiffs' ability to satisfy the initiation costs of their Federal action without substantially depleting their financial resources. While we recognize, based upon the Plaintiffs' sworn representations, that they may not be wealthy, we find that, in light of their combined incomes, they have the wherewithal to satisfy the modest costs incident to the commencement of their claims, without necessitating their forbearance of other expenditures for life's necessities, or for their basic needs. See, <u>Freeman v. Abdullah</u>, 925 F.2d 266, 267 (8th Cir. 1991); <u>In re Smith</u>, supra at 715; <u>Ali v. Cuyler</u>, 547 F. Supp. 129, 130 (E.D. Pa. 1982); <u>Temple v. Ellerthorpe</u>, supra at 850-51, and cases cited therein. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the

wisdom of prosecuting that action, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held, and well-intended.

We next consider how our determination of the Plaintiffs' eligibility for IFP status should be implemented. Varying procedures have evolved in the granting, and in the denial, of IFP applications by Magistrate Judges. In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (concluding that a denial of IFP status is the functional equivalent of an involuntary dismissal, and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1985).

Due to an apparent anomaly in D. Minn. LR4.2(a), one additional comment is warranted.[2] The Local Rule requires that the Plaintiffs' Complaint be filed pending a

---

[2]Local Rule 4.2(a) provides, in pertinent part, as follows:

(continued...)

determination of the propriety of their request for pauper status. Although the Rule contemplates the striking of the Complaint, if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the Application. In order to avoid the potential that the Plaintiffs' Complaint should be served prior to a ruling by the District Court on the propriety of their Applications, should an appeal be taken, this Court will issue its accompanying Recommendation, which will preserve the status quo until the District Court should rule on the matter.

Lastly, in the event that the Plaintiffs elect not to challenge this Recommendation, they will be afforded an opportunity to pay the normal $350.00 filing fee, see Title 28 U.S.C. §1914(a), and, if they choose to do so, they will be allowed to pursue their claims as a non-IFP litigants.

---

[2](...continued)
>  Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendants, until so directed by further Order of the Court.

2.   That the Plaintiffs' Applications for in forma pauperis status [Docket Nos. 2 and 4] be denied.

Dated:  January 7, 2008                              s/Raymond L. Erickson
                                                     Raymond L. Erickson
                                                     CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 25, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply

with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 25, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.